### 17696.   THOMAS v. THE STATE.

BROYLES, C. J.   The motion for a new trial contained the usual general grounds only; the evidence, while wholly circumstantial, was sufficient to exclude every reasonable hypothesis save that of the defendant's guilt, and the refusal to grant a new trial was not error.

*Judgment affirmed.   Luke, J., concurs.   Bloodworth, J., absent on account of illness.*

DECIDED DECEMBER 14, 1926.

Making liquor; from Wilkes superior court—Judge Perryman. October 4, 1926.

*Norman & Norman,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

Criminal Law, 16 C. J. p. 765, n. 60; p. 1180, n. 74.

### 17700.   VICKERY v. THE STATE.

The conviction of violating the prohibition law was authorized by the evidence, and the alleged newly discovered evidence would not probably have changed the result on another trial.

DECIDED DECEMBER 14, 1926.

Certiorari; from Campbell superior court—Judge Hutcheson. September 11, 1926.

*Lawrence S. Camp, H. A. Allen,* for plaintiff in error.

*William B. Jones, solicitor, Claude C. Smith, solicitor-general,* contra.

LUKE, J.   Vickery's conviction in the city court of Fairburn, for violating the prohibition statute, was certioraried to the superior court.   Vickery contended that the evidence did not authorize his conviction, and that upon the ground of newly discovered evidence he should be granted a new trial.   Upon the petition for certiorari and the answer thereto, his conviction was authorized, and the alleged newly discovered evidence was not, in our opinion, sufficient to produce a different result upon another trial.   The judge of the superior court, therefore, did not err in overruling the certiorari.

*Judgment affirmed.   Broyles, C. J., concurs.   Bloodworth, J., absent on account of illness.*